Next case on our call this morning is agenda number nine, case number 106-306, People of the State of Illinois v. Terry Lewis. Ms. Hart, you may proceed when you're ready. Ms. Hart, you may proceed when you're ready. May it please the court, counsel, my name is Katherine Hart and I represent the appellant Terry Lewis. This court has jurisdiction to hear this appeal. Terry Lewis properly and timely filed a notice of appeal following his conviction and sentence for possession of a controlled substance. His notice of appeal substantially complied with Supreme Court Rule 606-D. It listed the Adams County criminal case number from which he was appealing, the name and address of the appellant and the appellant's attorney, the offense of which convicted, the sentence imposed, and under the heading, nature of order appealed from other than conviction, the notice was blank. However, the only date listed under date of judgment or order was April 3, 2006, the date of the order denying the motion to suppress. The dates of conviction and sentence were not listed. This single defect is one of form and not substance and is not a bar to this court's jurisdiction in this matter. The street value fine statute reads in part, street value shall be determined by the court on the basis of testimony of law enforcement personnel and the defendant as to the amount seized, and such testimony as may be required by the court as to the current street value of the cannabis or controlled substance seized. In this case, the trial court imposed a street value fine with no evidentiary basis. The statutory requirement for imposing the sentencing fine was not met. What makes the failure to follow this mandatory language plain error is the legislature's intent that there must be some evidentiary basis for the imposition of this particular fine. The imposition of a street value fine without any evidentiary basis in the record resulted in a fundamentally unfair sentencing hearing. Ms. Hart, what significance does the language of the statute, which says testimony as to the amount seized, and two, does it make sense to the court to impose a street value fine without any evidentiary basis? It does not make sense to the court to impose such testimony as may be required by the court as to the current street value of the controlled substance. The trial court definitely must hear as to the amount seized, but it only needs to hear testimony as it would appear that that language says, only has to have testimony as to the street value if necessary. And here, I mean, I'm going to have a question for the State in a minute as to the greater good here, but here the street value was $100, right? Was testimony required in this particular case? Yes, Your Honor, it was. This particular fine is a street value fine, such testimony as required or as necessary to determine the value of the drugs that were possessed by the defendant. And then the fine is based on the value of those drugs. Now, sometimes there might be something in the record to tell you what the value, 0.1 grams or 0.5 grams of methamphetamine is this much money. There's often such testimony in the record somewhere, but there was no evidence. All of the appellate court cases that have dealt with street value fines where they have found plain error, there is often testimony as to the weight of the drugs. But there has been no testimony as to the value. There's no way to determine the street value fine. So you're saying that portion of the statute really deals with if there's something else in the record, you don't need testimony, that's one thing. But if there is nothing else in the record to indicate what the street value is, then testimony is required. That's correct, Your Honor. The imposition of a street value fine without any evidentiary basis in the record resulted in a fundamentally unfair sentencing hearing. The state's argument that there was no error because there was a stipulation as to the weight of the drugs does not address the issue of drug value. The statute requires such testimony as may be required to determine the value of the drugs. And as I just stated a moment ago, there is no evidence in the record as to the value of the methamphetamine in this case. For you to prevail, we have to find that this is plain error, isn't that right? That's correct. Because there was no objection at the time and it wasn't raised in post-trial. That's correct, Your Honor. The clear language of the street value fine statute indicates that the legislature intended trial courts to impose fines on defendants convicted of certain drug offenses based specifically upon the value of the drugs they were convicted of possessing. The fine was intended to be commensurate with the seriousness of the offense. Likewise, plain error relief is often commensurate to the error which occurred. In this case, the relief is a hearing or some testimony to determine the value of 0.5 grams of methamphetamine or vacation of the fine. In all of the cases that the state cited to argue that this court has found harmless error in cases with mandatory statute, statutes that have mandatory language, there was evidence in the record to support the act, which was an error. In In Re BLS, the juvenile defendant was sentenced to incarceration without a PSI, which is required by statute. However, in that case, the conviction the juvenile defendant had required that he be incarcerated. In People v. Haynes, where they did not hold a death penalty eligibility hearing, this court found that the evidence in the record did not support the act. The evidence was overwhelming at trial to show that the defendant in that case was eligible for the death penalty. In People v. Jones, where there was an apprendee error alleged, the defendant alleged that the charging instrument did not allege the victim's age. This court found that there was overwhelming evidence at trial that the victim in that case was 85. In this case, there is no evidence in the record to support the action, which was an error. The imposition of the fine without any evidence is to the value of the drugs in question. The conclusion that a trial court's imposition of a street value fine with no evidentiary basis is plain error has long been the case law of the appellate courts of this state. The Fourth District's decision in this case is the first to break with this long line of appellate court cases. The Fourth District found that the trial court's error was forfeited and that the amount of the fine, $100, made the error de minimis and not worthy of plain error review. The Fourth District's rationale in this case is unworkable because there can be no consistency in how it is applied. This is clear from the Fourth District's recent decision in People v. Galmore. In Galmore, the court found there was a breakdown in the adversary system, specifically distinguishing Lewis, because in Galmore, the amount of the street value fine was larger. It was $10,000 instead of $100,000. To the defendant, Terry Lewis, a scrap dealer in rural Adams County, $100 might as well be $10,000. Where the fine is unauthorized, it is immaterial whether it is $100,000 or $10,000. At which point was the statute amended to allow an additional $100? I believe it was amended in 2005 and took after this case and was effective in 2006. So the $100 in this case could possibly be the $100 referred to in the amended statute? That's correct. Does the statute mean what the statute says? Every exception to mandatory language creates uncertainty in the law. The legislature's language in the street value fine statute is not ambiguous. The imposition of the street value fine requires evidence as to the value of the drugs possessed. In the instant case, the trial court's failure to follow a statutorily mandated procedure for determining the street value fine created an unfair sentencing hearing, which undermined the integrity of the judicial process and resulted in plain error. To follow up on Justice Thomas's earlier question, when the statute says such testimony as may be required by the court, could there be instances where the court would not require any evidence? There could be instances where there was evidence at some point during the trial, a police officer testified methamphetamine is $10 a gram or $20 a gram or whatever it may be, and that evidence may be sufficient to impose the street value fine. But that evidence has to be in the record. Terry Lewis respectfully requests that this court overturn the decision of the appellate court finding harmless error and remand this cause to the trial court for hearing to determine the street value of the drugs in question. If this court has no other questions. I just have one with regard to the appellate court. The appellate court described this error as misapplication of the law. Isn't it really a sufficiency of the evidence problem? There was no evidence regarding the value of the drugs, is that correct? There was no evidence. I don't know, I guess you could couch it as a sufficiency of the evidence. It's not a question of proof of the charge. He had .5 grams of methamphetamine. The sentencing statute which mandates that courts impose a street value fine based on the value of the drugs requires that there be evidence as to the value, and there was no evidence. Does that answer your question? If there are no further questions, thank you. Good morning, your honors and counsel. May it please the court, my name is Eldad Malamuth here today on behalf of the people of the state of Illinois. This court should affirm the judgment of the appellate court because the defendant has not demonstrated any error with respect to the application of section 591.1. The trial court heard all the testimony that was required under the statute. Moreover, defendant forfeited the claim by not raising it in a written motion within 30 days of the imposition of the fine. And finally, there is no plain error because the integrity of the judicial process has not been challenged here. As a threshold matter regarding the Let's start just for a minute because I promised you a question. With the third point, I think your point is that the imposition of a $100 fine in a drug case simply cannot call the integrity of the judicial process into question. That was one of your points. Certainly in this case it did not, your honor. Right, and I mentioned the greater good. Wouldn't a decision of this court stating that compliance with the statute will not be excused avoid future problem of having to review every case to determine whether the fine imposed on that particular case is enough to trigger plain error? A hundred isn't enough, but a thousand maybe? Your honor, I'm not quite sure I understand your question. Are you asking if there needs to be a clear, are you saying there's a danger that it will come down to an amount issue, purely an amount issue as to whether there's plain error or not? Well, that was part of your, wasn't that part of your lack of plain error analysis, that a $100 fine doesn't throw the integrity of the judicial system to the curb? That's certainly part of our argument, yes, your honor. To understand why that is, we need to take a step back and look at plain error and what the analysis is. The defendant has argued that the integrity of the judicial process has been challenged here. We look at first what was the amount, the amount of fine was $100. Now that's relevant for a few reasons. One, here the fine that must be levied by the court shall be no less than the street value, shall be not less than the street value of the fine. So you look at a $100 fine. Now, the street value could be, let's say there could have been testimony that the fine, that the street value was $20, $50, $60. Even if there had been such testimony, it would not be outside the mandate of this statute to have given a $100 fine that's not less than the street value. And that, again, and then you look at the language of what testimony is required. The statute is actually pretty clear about the testimony that is required and the testimony that is left to the discretion of the trial court as to whether it should be heard. The statute states that the street value shall be determined by the court on the basis of testimony as to the amount seized. Like Your Honor said earlier, that's the first part. Second, the testimony, there shall be testimony as may be required by the court as to the current street value. So there's testimony that's required, that's to the amount seized. There's testimony that is left to the discretion of the circuit court about whether it's necessary. That's as to the value. What about counsel's argument that there may be something else in the record to indicate the street value of the drug, and if not, testimony is required, but if it's already in there and would be redundant, then testimony isn't required? Your Honor, that argument first ignores the plain language. That argument, the plain language states that it's only as may be required by the courts. Testimony may be required. Exactly, and that's the challenge brought by the defendant in this case. And that's important because the argument that there needs to be some evidentiary basis, that is not an argument then that is, that's arguing that this statute was misapplied. That's a sort of general argument as to the discretion of the trial court and to evidence needed in order to impose the fine. That's not what the statute requires. The statute requires testimony as to the amount seized. This argument that the trial court should look at what evidence is in the record, maybe there have been various other things, whether it's in the pre-sentence report, et cetera, et cetera, that goes to a general discretion issue. Then we look to whether the trial court has abused its discretion. But that's not, again, that's not the claim raised. Exactly, Your Honor. The street value shall be determined based on the testimony of law enforcement personnel or the defendant as to the amount seized. And as may be required by the court as to the value. And that's not the question of the court, whether there shall be testimony. And so here there was testimony as to the amount seized. If there's nothing in the record to indicate street value, you've got a clear record testimony on the amount, but there's nothing to indicate street value, can the judge, are you arguing that the judge can take into consideration his or her own personal knowledge having sat in the drug court as to what the street value is? Your Honor, that is something that the court can take into account. Unfortunately, there are many of these such cases, and there may be knowledge by the court as to street value. And of course, street value is a... No, there's nothing in the record to indicate that the judge used that. But again, it's a question of whether this particular statute here has been violated. And it simply has not been, because the testimony required by the statute has been heard. Can we get back to really my first question? And that was that when we get to plain error, the amount does make a difference for purposes of your argument. We have a much different case from your perspective, don't we, if the judge put a street value of a million dollars on this. Then you're going to say, well, you know, I don't think we'd be here, would we? So my initial question is, shouldn't plain error, shouldn't there be a message to the court that this is what the statute is? You take testimony with respect to the street value, otherwise it's plain error regardless of the amount. So we're not having all these cases to determine harmless error, whether the judge blew the amount or not. Well, Your Honor, I think that there are two answers. First, the issue is, there's one issue, whether it's plain error. And then there's a second issue is whether you believe it's important to send a message as to the trial courts on how to conduct the proceedings in this issue. And similarly, we wouldn't be dealing with the contrary rule would also eliminate such appeals. And that the rule that if the defendant does not object to the street value fine at the time of the hearing, then that issue is forfeited. And that's not automatic plain error. That would also eliminate all these cases. And because the defendants in that case would know that if they didn't object to the value of the street fine at that time, they would be forfeiting their arguments. I bring up the greater good, because even you asked this court to employ waiver, and then, you know, in the same breath, asked that if we are to issue a supervisory order to the extent, take it under our supervisory power, because it's important that this case is decided. Yes, it is important this case is decided. But for the reason that these defendants are not complying with Section 581C, which requires them to object at the time. 581C is very clear. If you have an objection, if you have a challenge with respect to the sentence, or any aspect of the sentencing hearing, you must raise it in a motion within 30 days of that sentence being imposed. Now, defendants in this case did not do so. However, isn't it appropriate? Courts have looked at the reach, the merits of an issue on appeal, regardless of the forfeiture, where the defendant's argument relates to the sufficiency of the evidence. And here, there's no evidence. So the forfeiture issue can, you know, can be, you know, can be, you know, an issue. You know, those cases apply to the sufficiency of the evidence with respect to the conviction for the crime, not the sentencing hearing. At the sentencing hearing, there's a different level of evidence required. But doesn't the statute require an evidentiary hearing on the amount? No, Your Honor. Or evidence of the amount, and the court conduct a hearing on the street value? Your Honor, the statute does not require a separate sentencing hearing. Or evidence of? It requires testimony. Which would include evidence. Yes, testimony is evidence, Your Honor. That's exactly right. First, it doesn't have to be a separate hearing. That testimony could have been during trial. But separately, it does require testimony as to the amount seized. That is mandated. As to the value, that, left to the statute, is, that amount is, it's left to the discretion of the court as to what testimony need be required. What do we do in the circumstances where there is no testimony, which is the case here? Well, again, Your Honor, there needs, defendant, it depends if the defendant has objected. If the defendant objects, that's a separate issue. Here, the defendant didn't object. Because you're saying there's forfeiture and there's no plain error. Right. That's exactly right. And if you look, Your Honor, at cases, there are many things that are important that trial courts do, but the, there's still no plain error if they fail to do that. For instance, in the Allen case, this court held that the failure to hold a mandatory hearing with respect to defendant's eligibility for the death penalty, was not plain error. That did not come to question the integrity of the judicial process. Didn't the court identify certain errors that will be reviewed even though no written motion was made? And one of those was sufficiency of the evidence? That's right, Your Honor. But that, I believe that that sufficiency of evidence applies to the conviction. The idea, the sufficiency of the evidence rule is that there must be sufficient evidence before the court to find that all elements of the crime have been committed. And there must be sufficient evidence for a reasonable fact finder to find that beyond a reasonable doubt. That's what the sufficiency of the evidence means. It's a very specific term of art. That's what it means. It applies to the elements of the crime. Once we get to sentencing, there's a completely different analysis. There aren't the same protections. There's a completely different set of rules with respect to the court's determinations. So that language does not apply to this case. Let's just say we have a situation where the defendant does object. And no testimony is put in on the street value. And the trial judge says $5,000. And they object. They bring a motion. And the trial judge says, no, I'm sticking with the $5,000. It goes to the appellate court. Now, what does the appellate court apply? A seems reasonable test? The judge, it seemed reasonable. $5,000 seems, do they now go on their understanding of what drugs is, drug value is? Because there's nothing in the record to support the $5,000 or not. I guess there could be if there's experts brought in at the time of the motion or affidavits or what have you. But why wouldn't there be? And I want to point something else out, too. This greater good thing is not what is being argued by the defendant. I think their position is no matter what the fine is, it's not the fine you're looking at. It's the integrity of the process that led to the fine. So, I mean, it would seem that part of your argument is based on the fact that, well, this seems reasonable. It's only a $100 fine. But there's bigger cases out there, aren't there? There are, Your Honor. And that goes to, again, the general discretion of the court. The court may not have discretion to apply a street value fine of $5,000, a million dollars on .5 grams of methamphetamine. First of all, that's different than arguing that they somehow misapplied the statute. And that's important because that goes to whether or not the issue was forfeited. The defendant has this claim that because it's a hearing, because there's testimony, that somehow this statute has excused the forfeiture and the court should look at it anyway. But that's simply not the case. The real argument here is just what you're saying, that there's some kind of discretionary, that the court has discretion and that by not having a hearing, that's automatically an abuse of discretion. But failing to hold the hearing is not automatically an abuse of discretion. That's clear from the cases of this court which have had mandatory hearings. In Allen, there was a mandatory hearing with respect to the eligibility for the death sentence. The trial court, the circuit court, did not hold such an eligibility hearing. So you had a mandatory hearing. It didn't take place. This court found no plain error. So the absence of a hearing... Well, there's evidence to the amount. There was no evidence as to... That's the amount, but not the value. That's right. And going back one step, that's important again with respect to the fact that the fine, the street value fine, has to be no less than the street value. So if there had been testimony that the street value is $20.50, applying a fine of $100 would be completely consistent with the statute. Punitive and with the intent behind the fine. Certainly a fine of $100 is authorized. The General Assembly could have said there would be a fine of the street value, but no less than $100, something like that. In which case, that would have been perfectly acceptable and not any kind of violation. And so by having a fine of $100, in this case, taking into account the language, in this case, there's certainly no call to question the integrity of the judicial process. Because a $100 fine would be permitted by the statute pretty much whatever the street value was. If it was $10, you could still apply a $100 fine. Counsel, you've twice mentioned that the fine is based on the not less than value. In fact, I think the statute says the fine shall be levied by the court at not less than the full street value. I guess that means no discounts, but putting that aside, how does the court satisfy that it's at the full street value if there's no determination in the record? Well, again, Your Honor, the court should, if there's an issue with respect to the value, that goes to the discretion of the court. Doesn't the statute make it an issue that there has to be, the fine has to be imposed at not less than the full street value? So you start there. It could be higher. That's right. So how does the court start at that figure? Where do they find the figures? You've been asked that question, but I guess I don't understand your answer. I'm sorry. I'm trying to answer the questions. I apologize if I have been doing so. In this case, the trial court seemingly was satisfied that there was a small amount of drugs. The value was somewhere between zero and $100, and therefore, a $100 fine satisfied the statute as being not less than the value. In certain cases, if there were multiple, you know, large quantities of various different kinds of drugs, obviously, that that discretion, the discretion of the trial court on picking numbers would be lesser, because there would be greater variance in terms of how much these drugs may have been worth, greater numbers. In this case, all that the trial court had to have the discretion to do is to find that the street value was somewhere between zero and $100, and this fine was permitted under the statute. Counsel, isn't it true that some drugs have a greater value on the street than others? And how would you, would the court even know which value it is without any kind of evidence? Your Honor, that's, I believe that drugs do have different values, and again, it goes to the discretion of the trial court, not the statute, but the discretion of the trial court. And here, there was .5 grams of methamphetamine. There doesn't seem to have been any disagreement by the parties, by the court, that the value of that was fairly minimal, somewhere less than $100, $100 or less. The $100 fine, then, being appropriate. At street value, as has been discussed, of illegal substances, it's hard to nail down exactly, and so the idea that saying .5 grams of methamphetamine would be somewhere in that ballpark is within the discretion of the trial court. If there had been greater amounts, then greater amounts, different drugs, then certainly the discretion of the trial court might be winnowed, might be narrowed with respect to what it could do, how much testimony it should hear under general principles. Not under the statute, but under general principles. Are you arguing that the fine is a minimum fine, and the judge can assess anything above that, but has to assess at least the minimum amount? That's right. The fine shall be not less than the street value. That's the floor. So it could have assessed $500 if it has some street, but doesn't that make this almost meaningless? Or what is the purpose of the statute? Your Honor, I believe my time's up, but if I just may finish responding. Counsel, you can answer the judge's question. Thank you. It sets a floor, and that floor then teaches and instructs what the fine should be. Now, if the street value is $100 and the court puts forward a million-dollar fine, a $10,000 fine, that might not be within the discretion of the trial court. But the street value being somewhat variable and having the fine be set at a floor, not less than it, it certainly would be within the discretion to have a slightly higher fine than if there was testimony that it might be less than $100. It might be worth $80, $60, $70. A $100 fine would be suitable and appropriate under the statute. Justice Thomas has a question. It says, as may be required. When would it be required, under your interpretation? Your Honor, the statute says, as may be required by the court. It then reflects the court's discretion. Whether the court deems it necessary to have such testimony, as may be required by the court, as to the current street value. It specifically puts that. In fact, by including this language, the court, the General Assembly, gave the circuit court more discretion than if it said nothing. It could have just said, you know, that there shall be a street value fine equal to the street value. This says there must be a street value fine, and we give discretion to the court as to this following testimony. So that's what that means. It means that it's within the court's discretion about whether to hear such testimony. If there are no further questions, we ask that the court affirm the judgment of the appellate court and uphold the $100 street value fine. Thank you. I have just two brief points. The first one is that the statute does say, as may be required. And all of the appellate court cases that have looked at the statute have required that there be some evidence as to value. With the exception of the 4th District and Lewis. But then shortly thereafter, within six months, they decide Galmore. Where there's evidence at trial that there were 83.8 grams of cocaine. The state's attorney estimates maybe $10 per gram. That's the state's attorney that's estimating. There's no testimony at the trial as to value of the crack. And the trial court imposes a $10,000 street value fine, and the 4th District says no. That's not appropriate. There was a breakdown in the adversary system. This fine was imposed without sufficient evidence as to value. If we follow the state's argument that the fine can be anything, but it has to be at least the street value, even if you win, you lose. Don't you? Because if this goes back to the trial court, and the trial court takes testimony and finds the street value to be $50, the fine is okay under the statute, is it not? The statute is not clear as to how much higher than the street value the fine could be, so it's possible. But I don't believe that you would look at it as you would even lose, even if you win. Because the point is that the integrity of the judicial process still needs to be there. And that's my second point, which is that an unfair sentencing hearing impacts the integrity of the judicial process, and an unfair sentencing hearing is a sentencing hearing where a street value fine is imposed without sufficient evidence. So in answer to your earlier question, Justice Bork, yes, there was insufficient evidence as to the value of the drugs. And for those reasons, this is an issue of plain error, and this court should reach it under the plain error rule. Can I ask a question? What ruling here would benefit the defendant? Ultimately, what would it be? What ruling? We're asking this court to vacate the decision of the appellate court and remand to the trial court. For a hearing. For a hearing with some evidence as to the street value of methadone. I guess my question is, when we reach that point, what result would be beneficial to your client? Some courts have vacated the fines altogether. This court, let's say it's $10 per gram, maybe the fine's only $50. $50 may not seem very much to us, but for somebody who is a junk dealer, scrap dealer in Adams County, $50 is quite a bit of money.  The judge still could impose a $100 fine. I believe under the language of the statute that it's possible the court could impose $100, but typically courts impose around the street value. That's the purpose of the statute, is that this particular fine. There are other fines that are imposed, the drug assessment fine. This particular fine is specifically meant to penalize a defendant based upon the amount of the drugs they were convicted of possessing. Thank you. Case number 106-306 will be taken under advisement.